Leon Greenberg, Esq.
Leon Greenberg Professional Corporation
Attorney for Plaintiff
633 South 4th Street - Suite 9
Las Vegas, Nevada 89101
(702)383-6085
Fax: (702)385-1827
Nevada Bar Number 008094

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

-----------------------------X   Case #: CV-S-03-1550-RLH-(LRL)
LOUIS TAKACS, on behalf of himself
and others similarly situated,

                    Plaintiffs,

                -against-

JOSHUA MICHAELY, PRESTIGE OF LAS VEGAS,
INC., GALINA KUBRAK, AMERICAN REALTY
GROUP, INC., AMERICAN REALTY OF CALIFORNIA,
INC., and NELLIS MOTEL COMPANY, INC.

                    Defendants.

-----------------------------X

**SECOND AMENDED COMPLAINT**

The Plaintiff, by his attorney, Leon Greenberg Professional

Corporation, as and for a Complaint against the defendants, states

and alleges, as follows:

JURISDICTION, PARTIES AND PRELIMINARY STATEMENT

1.  This Court has jurisdiction over the claims presented on

the First Claim for Relief pursuant to the Act of June 25, 1938, ch

676, 52 Stat 1069, 29 USC Sections 201-219, known as the Fair Labor

Standards Act ("the FLSA" or "the Act"), a law of the United States

regulating interstate commerce, and specifically under the

provisions of Section 16 of said act, as amended (29 U.S.C. §

216(b)).

2.  This Court has jurisdiction over the Nevada State Law

1

16

1   claims presented in the Second Claim for Relief pursuant to 28
2   U.S.C. § 1367(a).

3       3.    The plaintiff LOUIS TAKACS ("plaintiff") is a resident of
4   the State of Nevada and a former employee of the defendants or one
5   or more of the defendants.

6       4.    The corporate defendant PRESTIGE OF LAS VEGAS,
7   INC., ("Prestige") is owned and/or controlled and/or operated
8   and/or managed by the defendant JOSHUA MICHAELY ("Michaely").

9       5.    The defendant Prestige is a corporation formed and
10  existing pursuant to the Laws of the State of Nevada and has its
11  principal place of business in Clark County Nevada.

12      6.    The corporate defendant NELLIS MOTEL COMPANY, INC.
13  ("Nellis") is owned and/or controlled and/or operated and/or
14  managed by the defendant Michaely.

15      7.  The defendant Nellis is a corporation formed and existing
16  pursuant to the Laws of the State of Nevada and has its principal
17  place of business in Clark County Nevada.

18      8.    The corporate defendant AMERICAN REALTY OF CALIFORNIA,
19  INC. ("American California") is owned and/or controlled and/or
20  operated and/or managed by the defendant Michaely.

21      9.  The defendant American California is a corporation formed
22  and existing pursuant to the Laws of the State of Nevada and has
23  its principal place of business in Clark County Nevada.

24      10.   The corporate defendant AMERICAN REALTY GROUP, INC.
25  ("American") is owned and/or controlled and/or operated and/or
26  managed by the defendant Michaely.

27

2

1    11.   The defendant American is a corporation formed and
2  existing pursuant to the Laws of the State of Nevada and has its
3  principal place of business in Clark County Nevada.

4    12.   The corporate defendant Prestige is owned and/or
5  controlled and/or operated and/or managed by the defendant GALINA
6  KUBRAK ("Kubrak").

7    13.   The corporate defendant American is owned and/or
8  controlled and/or operated and/or managed by the defendant Kubrak.

9    14.   The corporate defendant Nellis is owned and/or
10  controlled and/or operated and/or managed by the defendant Kubrak.

11    15.   The corporate defendant American California is owned
12  and/or controlled and/or operated and/or managed by the defendant
13  Kubrak.

14    16.   The defendant Michaely is a resident of the State of
15  Nevada.

16    17.   The defendant Michaely is an officer of the defendant
17  Prestige.

18    18.   The defendant Michaely is a director of the defendant
19  Prestige.

20    19.   The defendant Michaely is a shareholder of the defendant
21  Prestige.

22    20.   The defendant Michaely is a manager of the defendant
23  Prestige.

24    21.   The defendant Michaely is an employee of the defendant
25  Prestige.

26    22.   The defendant Michaely exercised control over the
27

1   employment of the plaintiff by the defendant Prestige in that
2   Michaely specifically directed how the plaintiff was to be paid by
3   Prestige and/or made decisions on behalf of Prestige, or that
4   Prestige followed, to not pay the plaintiff the overtime pay that
5   is complained of herein, and it is further alleged that such
6   conduct by the defendant Michaely has made him an "employer" or a
7   "person acting on behalf of an employer" within the meaning of the
8   FLSA and rendered Michaely personally liable to the plaintiff for
9   the claims made herein.

10      23.   The defendant Michaely is an officer of the defendant
11  American.

12      24.   The defendant Michaely is a director of the defendant
13  American.

14      25.   The defendant Michaely is a shareholder of the defendant
15  American.

16      26.   The defendant Michaely is a manager of the defendant
17  American.

18      27.   The defendant Michaely is an employee of the defendant
19  American.

20      28.   The defendant Michaely exercised control over the
21  employment of the plaintiff by the defendant American in that
22  Michaely specifically directed how the plaintiff was to be paid by
23  American and/or made decisions on behalf of American, or that
24  American followed, to not pay the plaintiff the overtime pay that
25  is complained of herein, and it is further alleged that such
26  conduct by the defendant Michaely has made him an "employer" or a
27

4

1  "person acting on behalf of an employer" within the meaning of the
2  FLSA and rendered Michaely personally liable to the plaintiff for
3  the claims made herein.

4      29.  The defendant Michaely is an officer of the defendant
5  American California.

6      30.  The defendant Michaely is a director of the defendant
7  American California.

8      31.  The defendant Michaely is a shareholder of the defendant
9  American California.

10      32.  The defendant Michaely is a manager of the defendant
11  American California.

12      33.  The defendant Michaely is an employee of the defendant
13  American California.

14      34.  The defendant Michaely exercised control over the
15  employment of the plaintiff by the defendant American California in
16  that Michaely specifically directed how the plaintiff was to be
17  paid by American California and/or made decisions on behalf of
18  American California, or that American California followed, to not
19  pay the plaintiff the overtime pay that is complained of herein,
20  and it is further alleged that such conduct by the defendant
21  Michaely has made him an "employer" or a "person acting on behalf
22  of an employer" within the meaning of the FLSA and rendered
23  Michaely personally liable to the plaintiff for the claims made
24  herein.

25      35.  The defendant Michaely is an officer of the defendant
26  Nellis.

27

5

36.   The defendant Michaely is a director of the defendant Nellis.

37.   The defendant Michaely is a shareholder of the defendant Nellis.

38.   The defendant Michaely is a manager of the defendant Nellis.

39.   The defendant Michaely is an employee of the defendant Nellis.

40.   The defendant Michaely exercised control over the employment of the plaintiff by the defendant Nellis in that Michaely specifically directed how the plaintiff was to be paid by Nellis and/or made decisions on behalf of Nellis, or that Nellis followed, to not pay the plaintiff the overtime pay that is complained of herein, and it is further alleged that such conduct by the defendant Michaely has made him an "employer" or a "person acting on behalf of an employer" within the meaning of the FLSA and rendered Michaely personally liable to the plaintiff for the claims made herein.

41.   The defendant Kubrak is a resident of the State of Nevada.

42.   The defendant Kubrak is an officer of the defendant Prestige.

43.   The defendant Kubrak is a director of the defendant Prestige.

44.   The defendant Kubrak is a shareholder of the defendant Prestige.

1      45.   The  defendant  Kubrak  is  a  manager  of  the  defendant
2   Prestige.

3      46.   The  defendant  Kubrak  is  an  employee  of  the  defendant
4   Prestige.

5      47.   The   defendant   Kubrak   exercised   control   over   the
6   employment  of  the  plaintiff  by  the  defendant  Prestige  in  that
7   Kubrak  specifically  directed  how  the  plaintiff  was  to  be  paid  by
8   Prestige  and/or  made  decisions  on  behalf  of  Prestige,  or  that
9   Prestige  followed,  to  not  pay  the  plaintiff  the  overtime  pay  that
10  is  complained  of  herein,  and  it  is  further  alleged  that  such
11  conduct  by  the  defendant  Kubrak  has  made  her  an  "employer"  or  a
12  "person  acting  on  behalf  of  an  employer"  within  the  meaning  of  the
13  FLSA  and  rendered  Kubrak  personally  liable  to  the  plaintiff  for  the
14  claims  made  herein.

15     48.   The  defendant  Kubrak  is  an  officer  of  the  defendant
16  American.

17     49.   The  defendant  Kubrak  is  a  director  of  the  defendant
18  American.

19     50.   The  defendant  Kubrak  is  a  shareholder  of  the  defendant
20  American.

21     51.   The  defendant  Kubrak  is  a  manager  of  the  defendant
22  American.

23     52.   The  defendant  Kubrak  is  an  employee  of  the  defendant
24  American.

25     53.   The   defendant   Kubrak   exercised   control   over   the
26  employment  of  the  plaintiff  by  the  defendant  American  in  that
27

7

1   Kubrak specifically directed how the plaintiff was to be paid by
2   American and/or made decisions on behalf of American, or that
3   American followed, to not pay the plaintiff the overtime pay that
4   is complained of herein, and it is further alleged that such
5   conduct by the defendant Kubrak has made her an "employer" or a
6   "person acting on behalf of an employer" within the meaning of the
7   FLSA and rendered Kubrak personally liable to the plaintiff for the
8   claims made herein.

9       54.  The defendant Kubrak is an officer of the defendant
10  American California.

11      55.  The defendant Kubrak is a director of the defendant
12  American California.

13      56.  The defendant Kubrak is a shareholder of the defendant
14  American California.

15      57.  The defendant Kubrak is a manager of the defendant
16  American California.

17      58.  The defendant Kubrak is an employee of the defendant
18  American California.

19      59.  The defendant Kubrak exercised control over the
20  employment of the plaintiff by the defendant American California in
21  that Kubrak specifically directed how the plaintiff was to be paid
22  by American California and/or made decisions on behalf of American
23  California or that American California followed, to not pay the
24  plaintiff the overtime pay that is complained of herein, and it is
25  further alleged that such conduct by the defendant Kubrak has made
26  her an "employer" or a "person acting on behalf of an employer"

27

1  within the meaning of the FLSA and rendered Kubrak personally
2  liable to the plaintiff for the claims made herein.

3      60.  The defendant Kubrak is an officer of the defendant
4  Nellis.

5      61.  The defendant Kubrak is a director of the defendant
6  Nellis.

7      62.  The defendant Kubrak is a shareholder of the defendant
8  Nellis.

9      63.  The defendant Kubrak is a manager of the defendant
10 Nellis.

11     64.  The defendant Kubrak is an employee of the defendant
12 Nellis.

13     65.  The defendant Kubrak exercised control over the
14 employment of the plaintiff by the defendant Nellis in that Kubrak
15 specifically directed how the plaintiff was to be paid by Nellis
16 and/or made decisions on behalf of Nellis or that Nellis followed,
17 to not pay the plaintiff the overtime pay that is complained of
18 herein, and it is further alleged that such conduct by the
19 defendant Kubrak has made her an "employer" or a "person acting on
20 behalf of an employer" within the meaning of the FLSA and rendered
21 Kubrak personally liable to the plaintiff for the claims made
22 herein.

23     66.    The defendants engage in a for-profit business which
24 has gross revenue in excess of $500,000 per annum and is engaged in
25 the production of goods for interstate commerce and/or the use
26 and/or handling of goods which have moved in interstate commerce as
27

9

1   such terms are defined in the FLSA and are employers subject to the
2   jurisdiction of the FLSA.

3      67.   The plaintiff has been an employee of the defendants
4   during the time period pertinent to this complaint, to wit, during
5   a portion of the three years immediately preceding the initiation
6   of this action.  The plaintiff has performed labor and services in
7   various occupations that are subject to the aforesaid provisions
8   of the FLSA. These occupations include, but are not limited to,
9   hourly labor in defendants' construction business.

10     68.   That the various violations of law which are alleged
11   herein were committed intentionally and/or willfully by the
12   defendants.

13
                AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE
14                  FAIR LABOR STANDARDS ACT ON BEHALF OF
                 LOUIS TAKACS AND ALL OTHERS SIMILARLY SITUATED
15

16
17     69.   The plaintiff LOUIS TAKACS brings this First Claim for
     Relief pursuant to 29 U.S.C. § 216(b) on behalf of himself and all
18
     other similarly situated persons, if any, who consent in writing to
19
     join this action.
20

21
       70.   Pursuant to the applicable provisions of the FLSA, 29
22
     U.S.C. § 206 and § 207, the plaintiff was entitled to a minimum
23
     wage and an overtime hourly wage of time and one-half his regular
24
     hourly wage for all hours worked in excess of forty hours per week,
25
     the plaintiff worked more than 40 hours per week for the
26
     defendants, and the defendants willfully failed to make said
27

10

1  overtime payments.

2

3      71.   The plaintiff, LOUIS TAKACS on behalf of himself and all
4  other similarly situated persons who consent in writing to join
5  this action, seek, on this First Claim for Relief, a judgment for
6  unpaid overtime wages and/or unpaid minimum wages, and additional
7  liquidated damages of 100% of any unpaid minimum wages and/or
8  overtime wages, such sums to be determined based upon an accounting
9  of the hours worked by, and wages actually paid to the plaintiff
10  LOUIS TAKACS and any such other persons who consent to join this
11  action, and the plaintiff also seeks an award of attorney's fees,
12  interest and costs as provided for by the FLSA.

13                    AS AND FOR A SECOND CLAIM FOR RELIEF
                   ON BEHALF OF LOUIS TAKACS ONLY PURSUANT TO
14                    NEVADA REVISED STATUTES § 608.040

15
16      72.   Plaintiff LOUIS TAKACS brings this Second Claim for
   Relief pursuant to Nevada Revised Statutes § 608.040.
17
       73.   On or about October or November of 2003 plaintiff LOUIS
18
   TAKACS was discharged from his employment with the defendants and
19
   at the time of such discharge he was owed unpaid wages by the
20
   defendants.
21
       74.   Despite due and repeated demand by the plaintiff LOUIS
22
   TAKACS the defendants have failed and refused to pay said plaintiff
23
   his earned but unpaid wages, such conduct by the defendants
24
   constituting a violation of Nevada Revised Statutes § 608.020, or
25
   § 608.030 and giving such plaintiff a claim against the defendants
26
   under Nevada Revised Statutes § 608.040.
27

                                 11

1    18.   As a result of the foregoing the plaintiff LOUIS TAKACS

2    seeks a judgment against the defendants for the penalty prescribed

3    by Nevada Revised Statutes § 608.040, to wit, for a sum equal to up

4    to thirty days wages, along with interest, costs and attorney's

5    fees.

6

7         Wherefore, the plaintiff demands a judgment on all claims for

8    relief as alleged aforesaid.

9

10        Plaintiff demands a trial by jury on all issues so triable.

11

12   Dated: Clark County, Nevada
            June 3, 2004

13

14                              Yours, etc.,

15

16                              _____
                                Leon Greenberg, Esq.
17                              LEON GREENBERG PROFESSIONAL CORPORATION
                                Attorney for the Plaintiff
18                              633 South 4ᵗʰ Street – Suite 9
                                Las Vegas, Nevada 89101
19                              (703) 383-6085
                                Nevada Bar Number: 008094
20   TO:

21   Mark Coburn, Esq.
     Attorney for Defendants
22   MICHAELY and PRESTIGE OF LAS VEGAS only
     2722 Highland Drive
23   Las Vegas, Nevada 89109
     Nevada Bar Number:008032

24

25

26

27

                                  12