ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

2004 JUL -1  P 3: 12

LOUIS TAKACS, on behalf of himself
And others similarly situated,

Plaintiffs,

v.

JOSHUA MICHAELY, GALINA KUBRAK
and PRESTIGE OF LAS VEGAS, INC.,

Defendants.

Case No.
CV-S-03-1550
RLH-LRL

## ANSWER TO SECOND AMENDED COMPLAINT

COMES NOW, Defendants Joshua Michaely, Galina Kubrak and Prestige of Las

Vegas, Inc., by and through their counsel Mark Coburn, and hereby file this, their

Answer to Plaintiff's Second Amended Complaint as follows:

1.

Answering Paragraphs 1 and 2 of Plaintiffs' Complaint, answering Defendants

state that they are without sufficient knowledge or information necessary to form a belief

as to the truth or falsity of said allegations, and therefore deny same.

2.

Answering Paragraph 3 of Plaintiffs' Complaint, answering Defendants admit

said allegation.

3.

Answering Paragraphs 4 of Plaintiffs' Complaint, Defendants hereby deny said

allegations.

4.

17

Answering Paragraphs 5 of Plaintiff's Complaint, answering Defendants admit said allegations.

5.

Answering Paragraph 6 of Plaintiff's Complaint, answering Defendants deny said allegation.

6.

Answering Paragraph 7 of Plaintiff's Complaint, answering Defendants admit said allegation.

7.

Answering Paragraphs 8 of Plaintiff's Complaint, answering Defendants deny said allegations.

8.

Answering Paragraph 9 of Plaintiff's Complaint, answering Defendants admit said allegations.

9.

Answering Paragraph 10 of Plaintiff's Complaint, Defendants hereby deny said allegations.

10.

Answering Paragraphs 11 of Plaintiffs' Complaint, answering Defendants state that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations, and therefore deny same.

11.

Answering Paragraph 12 of Plaintiff's Complaint, answering Defendants hereby admit said allegations.

12.

Answering Paragraph 13 of Plaintiff's Complaint, answering Defendants hereby deny said allegations.

13.

Answering Paragraph 14 of Plaintiff's Complaint, answering Defendants hereby admit said allegations.

14.

Answering Paragraph 15 of Plaintiff's Complaint, answering Defendants hereby admit said allegations.

15.

Answering Paragraph 16 of Plaintiff's Complaint, answering Defendants hereby admit said allegations.

16.

Answering Paragraph 17 through 21 of Plaintiff's Complaint, answering Defendants hereby deny said allegations.

17.

Answering Paragraph 22 of Plaintiff's Complaint, admitted that some, very limited, control was exercised by a group of executives (including Plaintiff himself), denied as to this defendant being an "employer" or "person acting on behalf of an employer."

18.

Answering Paragraph 23 through 39 of Plaintiff's Complaint, answering Defendants hereby deny said allegations.

19.

Answering Paragraph 40 of Plaintiff's Complaint, admitted that some, very limited, control was exercised by a group of executives (including Plaintiff himself), denied as to this defendant being an "employer" or "person acting on behalf of an employer."

20.

Answering Paragraph 41 of Plaintiff's Complaint, answering Defendants hereby deny said allegations.

21.

Answering Paragraph 42 through 44 of Plaintiff's Complaint, answering Defendants hereby deny said allegations.

22.

Answering Paragraph 45 through 53 of Plaintiff's Complaint, answering Defendants hereby deny said allegations.

23.

Answering Paragraph 54 through 56 of Plaintiff's Complaint, answering Defendants hereby admit said allegations.

24.

Answering Paragraph 57 through 59 of Plaintiff's Complaint, answering Defendants hereby deny said allegations.

25.

The doctrine of unclean hands prevents any recovery by Plaintiffs herein.

## SIXTH AFFIRMATIVE DEFENSE

The incidents alleged in the Complaint, and the resulting damage, if any, to Plaintiffs, was proximately caused or contributed to by the Plaintiffs' own actions and/or negligence, and such negligence was greater than the negligence, if any, of the Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff herein failed to mitigate his damages.

## EIGTH AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of these answering Defendants' Answer, and therefore, these answering Defendants reserve the right to amend this Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

WHEREFORE, Defendants pray for Judgment as follows:

1.

That Plaintiffs take nothing by virtue of this action and that same be dismissed with prejudice;

2.

That Defendants be awarded their reasonable attorney's fees and costs incurred in the defense of this action; and

3.

Such other and further relief as the Court deems just and proper.

Answering Paragraph 60 through 62 of Plaintiff's Complaint, answering Defendants hereby admit said allegations.

26.

Answering Paragraph 63 through 74 of Plaintiff's Complaint, answering Defendants hereby deny said allegations.

Any Paragraph not herein specifically admitted is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Defendants allege that the occurrences referred to in the Plaintiffs' Complaint, and all injuries and damages, if any, resulting there from, were caused by the acts or omissions of a third party over whom Defendants had no control.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint on file herein fails to state a claim against these Defendants upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Any harm or injury or claim of damage of Plaintiffs', or cause of action of Plaintiffs, as alleged or stated in Plaintiffs' Complaint, is barred by the doctrine of laches, as to all or part of the claim of Plaintiffs'.

## FOURTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is estopped from pursuing any claim against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

DATED this __1st__ day of July, 2004.

BY: _____

Mark Coburn, Esq.
Nevada Bar No. 8032
2722 Highland Drive
Las Vegas, NV 89109
(702) 732-9007

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2004, I served a copy of the foregoing ANSWER

TO SECOND AMENDED COMPLAINT by depositing a copy of same in a sealed

envelope with first class postage attached thereto and addressed as follows:

Leon Greenberg, Esq.
Law Offices of Leon Greenberg
633 S. 4th Street
Suite 9
Las Vegas, NV 89010

By:

Mark Coburn, Esq.
Attorney for Defendant Michaely,
Galina Kubrak and Prestige of Las Vegas