**ORIGINAL**

Leon Greenberg, Esq.
Leon Greenberg Professional Corporation
Attorney for Plaintiff
633 South 4th Street - Suite 9
Las Vegas, Nevada 89101
(702)383-6085
Fax: (702)385-1827
Nevada Bar Number: 8094

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

----------------------------------X Case #: CV-S-03-1550-RLH-(LRL)

LOUIS TAKACS, on behalf of himself and others similarly situated,

Plaintiffs,

-against-

JOSHUA MICHAELY, PRESTIGE OF LAS VEGAS, INC., GALINA KUBRAK, AMERICAN REALTY GROUP, INC., AMERICAN REALTY OF CALIFORNIA, INC., and NELLIS MOTEL COMPANY, INC.

Defendants.

----------------------------------X

PLAINTIFF'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

Issues of Fact to be Determined by the Court

The parties have agreed that the following factual issues are to be determined by the Court:

1. Did the plaintiff work the hours set forth in the payroll statements and records presented to the Court and relied upon by the plaintiff and if he did not work such hours what were his hours of work each week for the time period July 1, 2003 through October 15, 2003?

2. If the plaintiff was owed unpaid wages by the defendants at the time of his discharge from his employment with the defendants what was the plaintiff's normal daily pay and what would 30 days of his normal daily pay be?

41

Conclusions of Law to be Made by the Court

The parties have agreed that the following are the issues of law to be tried and determined by the Court:

1. Which of the defendants, if any, besides defendant Prestige of Las Vegas, Inc., were (was) the plaintiff's employer within the meaning of the Fair Labor Standards Act (the "FLSA") and Nevada Law?

2. Was the plaintiff an overtime exempt employee within the meaning the FLSA while employed by Prestige of Las Vegas or any of the other defendants?

The Parties' Stipulated Facts

The parties have stipulated to the following relevant facts which are not disputed and adopted by the Court:

During a period of time from July 1, 2003 through October 15, 2003, the plaintiff was paid certain wages as an employee of at least one of the defendants. The wages paid to the plaintiff were paid through checks from which tax deductions were taken. The plaintiff's paychecks were accompanied by statements stating that the plaintiff was being paid $25.00 an hour. The statements accompanying the plaintiff's paychecks also stated that the plaintiff was working in excess of 40 hours per week and being paid $25.00 an hour for all hours worked, including those hours that were in excess of 40 hours per week. The statements accompanying the plaintiff's paychecks during this period state that the plaintiff worked a total of 197.5 hours that were in excess of 40 hours a week. The defendant Prestige of Las Vegas,

Inc., acknowledges that the plaintiff was its employee from July 1, 2003, through October 15, 2003.

The Court's Findings of Fact

1. The Court finds that the plaintiff, Louis Takacs, was not paid on a salary basis within the meaning of 29 C.F.R § 541.1(f) and 29 C.F.R. § 541.118(a) as those regulations were in effect in 2003. Specifically, the plaintiff was not compensated by means of a pre-determined amount not subject to reduction for variations in the quality or quantity of the work performed.

2. The Court finds that the payroll records of defendant Prestige of Las Vegas ("Prestige") indicate, as the parties have stipulated, that the plaintiff worked 197.5 overtime hours that were in excess of 40 hours per week between July 1, 2003 and October 15, 2003 and that such records indicate that the plaintiff was compensated at the rate of $25.00 per hour for all hours that he worked.

3. The Court finds, based upon the credible testimony of the plaintiff and the lack of any substantive contrary evidence, that the records of defendant Prestige are correct and that the plaintiff did, in fact, work 197.5 overtime hours between July 1, 2003 and October 15, 2003.

4. The Court finds, based upon the credible testimony of the plaintiff and the lack of any substantive contrary evidence, that the records of defendant Prestige are correct and that the plaintiff was, in fact, compensated at an hourly rate of $25.00 an hour for each hour that he worked between July 1, 2003 and

October 15, 2003.

5. The Court finds, based upon the credible testimony of the plaintiff and the lack of any substantive contrary evidence, and based upon the records of the plaintiff's hours of work that the plaintiff has testified were contemporaneously presented to defendant Prestige, that the plaintiff worked, on average, nine hours a day and was paid $25.00 an hour for each such hour of work and earned an average daily wage of $225.00 for each day that he worked between July 1, 2003 and October 15, 2003.

6. The Court finds, based upon the credible testimony of the plaintiff, the testimony of the defendants Joshua Michaely and Galina Kubrak, and the lack of any substantive contrary evidence, that the individual defendants Michaely and Kubrak actively directed and controlled the work of the plaintiff and the business of defendant Prestige. Specifically, both Michaely and Kubrak directed the plaintiff to perform substantial work on their personal residences and to work extended hours, including on Saturdays and Sundays. Michaely functioned as the day to day hands on manager of Prestige and was responsible for making personnel decisions involving the plaintiff, including setting the plaintiff's rate of compensation and firing the plaintiff. While Kubrak apparently deferred much of the day to day management decision making to Michaely, she admits that she did sign the payroll checks issued to the plaintiff and that those payroll checks were attached to statements indicating the plaintiff's hours of work.

7. The Court finds, based upon the credible testimony of the plaintiff, a letter by defendant's construction manager dated June 19, 2003 on the letterhead of a American Realty Group of California, and receipts for expense reimbursement checks issued to the plaintiff by defendant Nellis Motel Company, Inc., that the plaintiff was performing substantial work for the defendants American Realty Group of California and Nellis Motel Company, Inc. The Court also concludes based upon such evidence that the defendants American Realty Group of California and Nellis Motel Company, Inc. shared overlapping and common business operations, personnel, and management with the defendant Prestige.

Conclusions of Law

1. The defendants Michaely and Kubrak, through their control over the plaintiff, the plaintiff's work, and the defendant corporations, were "employers" or "joint employers" of the plaintiff within the meaning of the FLSA and Nevada Law. See, 29 U.S.C. § 203(d) and N.R.S. § 608.011. See, also, Herman v. RSR Security Services, 172 F.3d 132 (2nd Cir. 1999) and Lambert v. Ackerly, 180 F.3d 997, 1012 (9th Cir. 1999). Defendants Michaely and Kubrak are jointly and severally liable along with the co-defendants for the plaintiff's damages under the FLSA and Nevada Law.

2. The defendants American Realty of California, Inc., and Nellis Motel Company, Inc., through their economic integration with the other defendants, and their involvement with the plaintiff's employment, are part of a single FLSA "enterprise"

that is jointly liable for the plaintiff's damages under the FLSA and are also part of a collective employer liable for the plaintiff's damages under Nevada Law. See, Reich v. Bay, Inc., 23 F.3d 110 (5th Cir. 1994) and Moon v. Kwon, 248 F. Supp.2d 201, 237-239 (S.D.N.Y. 2002).

3. Pursuant to 29 U.S.C. § 213(a)(1) certain bona fide executive, administrative, or professional employees, as those terms are defined by the Secretary of Labor, who are otherwise entitled to overtime pay under 29 U.S.C. § 207 are exempt from such overtime pay requirements. In 2003 the Secretary of Labor required that an exempt employee under 29 U.S.C. § 213(a)(1) be compensated on a salary basis as defined in 29 C.F.R § 541.1(f) and 29 C.F.R. § 541.118(a). The Court determines as a matter of law that the plaintiff was not subject to such an overtime pay exemption. In the first instance it is the employer's burden to establish the applicability of such an exemption and FLSA exemptions are narrowly construed. See, A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 498 (1945). Secondly, as the Court has concluded, the facts presented at trial establish that the plaintiff was not compensated on a salary basis within the meaning of 29 C.F.R § 541.1(f) and 29 C.F.R. § 541.118(a). Since the plaintiff was not compensated on a salary basis he cannot be an overtime exempt employee under 29 U.S.C. § 213(a)(1).

4. The Court has made factual determinations that the plaintiff worked 197.5 hours of overtime (that were in excess of 40 hours per week) and that his regular rate of pay was $25.00 an

hour and that the plaintiff was only paid $25.00 per hour for each of these 197.5 hours. Pursuant to 29 U.S.C. § 207 the plaintiff should have received time and one-half his regular rate of pay, or $37.50 an hour, for each of these 197.5 hours. The Court thus concludes that the plaintiff, as a matter of law, is owed the difference between the overtime pay rate required by 29 U.S.C. § 207 ($37.50 per hour) and the hourly rate he was actually paid ($25.00 per hour), such difference being $12.50 per hour for 197.5 hours. The plaintiff is owed a total of $2,468.75 in unpaid overtime wages.

5. Pursuant to 29 U.S.C. § 216(b) a plaintiff who recovers unpaid overtime wages owed to him under 29 U.S.C. § 207 is entitled to liquidated damages equal to the amount of his unpaid overtime wages. The plaintiff is owed a total of $2,468.75 in unpaid overtime wages.

6. Pursuant to N.R.S. § 608.020 the plaintiff was entitled to be paid his full earned wages immediately upon his discharge.

7. Pursuant to N.R.S. § 608.040 if the plaintiff was not paid his full earned wages when they were due (in plaintiff's case immediately upon his discharge) his wages continued at their normal daily rate until he was paid his full earned wages or for 30 days, whichever was less.

8. The Court has determined that the plaintiff is owed unpaid overtime wages meaning that the plaintiff was not paid his full wages at the time of his discharge and within 30 days of his discharge as required by N.R.S. § 608.020 and § 608.040.

9. Pursuant to N.R.S. § 608.040 the plaintiff is now owed 30 days of wages from the defendants, the Court having made a factual determination that the plaintiff's daily wages were $225.00 per day. The plaintiff is owed a total of $6,750 pursuant to N.R.S. § 608.040.

10. The FLSA, 29 U.S.C. § 216(b), directs that a prevailing plaintiff shall be awarded costs and a reasonable attorney's fees. Plaintiff is awarded their costs and reasonable attorney's fees and plaintiff's counsel is directed to submit an application for the same pursuant to this Court's Local Rules.

Summary

Plaintiff shall have judgment against defendants Joshua Michaely, Prestige of Las Vegas, Inc., Galina Kubrak, American Realty of California, Inc., and Nellis Motel Company, Inc. in the total amount of $11,687.50 plus costs and attorney's fees in an amount to be determined upon further application of the plaintiff's counsel.

Dated this day of , 2005.

Hon. Roger L. Hunt
UNITED STATES DISTRICT JUDGE

Submitted by:

Leon Greenberg, Esq.
Attorney for Plaintiff